UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 22-cv-23628-BLOOM/Otazo-Reyes**

ANA PALACIOS,

    Plaintiff,

v.

WAL-MART STORES EAST, LP,
and HECTOR ROMERO,

    Defendants.
_____/

**ORDER ON MOTION TO DISMISS AND AMENDED MOTION TO AMEND
COMPLAINT TO SUBSTITUTE PARTY DEFENDANT**

**THIS CAUSE** is before the Court upon Defendant Hector Romero's ("Defendant" or "Romero") Motion to Dismiss Count II of Plaintiff's Complaint, ECF No. [8] ("Motion to Dismiss"), filed on November 14, 2022, and Plaintiff's Amended Motion to Amend Complaint to Substitute Party Defendant, ECF No. [14] ("Motion to Amend"), filed on November 18, 2022, (together, the "Motions").[1] Plaintiff filed a Response to the Motion to Dismiss, ECF No. [13]. The Court has carefully considered the Motions, Plaintiff's Response, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion to Dismiss is granted, and the Motion to Amend is denied.

Plaintiff initiated this case in state court, asserting claims of negligence against Defendant Wal-Mart Stores East LP ("Wal-Mart"), and Romero, arising from a slip and fall when Plaintiff stepped on a grape on the floor of a Wal-Mart store. *See* ECF No. [5-1] ("Complaint"). Plaintiff

---

[1] On November 18, 2022, the Court denied Plaintiff's initial Motion to Amend Complaint to Substitute Party Defendant, ECF No. [10], because Plaintiff failed to comply with the pre-filing conferral requirement in Local Rule 7.1(a)(3). *See* ECF No. [12].

alleges that Romero was the manager of the Wal-Mart where she fell. *Id*. ¶ 15. On November 4, 2022, Wal-Mart removed the case from state court to federal court, invoking this Court's diversity jurisdiction. *See* ECF No. [1] ("Notice"). In pertinent part, the Notice asserts that removal was proper on the basis of diversity, notwithstanding the fact that Romero is a Florida citizen, because Romero was fraudulently joined. *Id*. Thereafter, Romero filed his Motion to Dismiss, arguing that the claim against him should be dismissed because the Complaint does not allege that he was actively negligent in bringing about Plaintiff's slip and fall, and in fact, that Romero was off on the day of Plaintiff's incident and was not working at the store where she fell. *See* ECF No. [8].

In response to the Motion to Dismiss, Plaintiff asserts that the Complaint "misnames" Romero as the manager on duty, but nevertheless argues that the claim against him is sufficiently stated. *See* ECF No. [13]. In addition, Plaintiff filed the Motion to Amend, conceding that Romero was not on duty at the time of her accident at the store, but asserting that Plaintiff has not been able to identify which manager was on duty at the time of Plaintiff's slip and fall. *See* ECF No. [14] at 1-2. As a result, Plaintiff requests that the Court permit her leave to amend to file an amended complaint to substitute a John Doe as a defendant in place of Romero. *Id*. at 2. Upon review, however, the claim against Romero must be dismissed, and Plaintiff's request to substitute a John Doe defendant is denied.

First, Plaintiff's concession that Romero was not the manager on duty at the Wal-Mart store when she slipped and fell is fatal to her claim against him. Second, the Federal Rules of Civil Procedure do not permit fictitious party practice. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]"); *see also Williams v. DeKalb Cnty. Jail*, 638 F. App'x 976 (11th Cir. 2016) ("[G]enerally, parties are not allowed to plead fictitious parties in federal court." (citing *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010))); *New v. Sports & Recreation,*

Case No. 22-cv-23628-BLOOM/Otazo-Reyes

*Inc.*, 114 F.3d 1092, 1094 n.1 (11th Cir. 1997) ("[F]ictitious party practice is not permitted in federal court and, thus, [plaintiff's] failure to name the parties required that the court strike the parties[.]"). Therefore, Plaintiff's request to substitute a John Doe defendant in place of Romero until she can ascertain the identity of the correct manager is improper.

Nevertheless, the Court notes that no scheduling order has yet been entered in this case, and thus, to the extent that Plaintiff is able to learn the identity of the manager on duty at the time of her incident, she may then seek leave to amend to properly assert a claim against that individual.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion to Dismiss, **ECF No. [8]**, is **GRANTED**, and Count II of the Complaint asserted against Defendant Hector Romero is **DISMISSED WITH PREJUDICE**. In addition, the Motion to Amend, **ECF No. [14]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 21, 2022.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record